IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**SIMONE TYRONE JORDAN-EL,**

  **Plaintiff,**

v.              Case No. 3:16-cv-04328

**WESTERN REGIONAL JAIL
OFFICER WHITE,**

  **Defendant.**

## PROPOSED FINDINGS OF FACT AND RECOMENDATIONS

Pending before the court is Plaintiff's *pro se* complaint filed pursuant to 42 U.S.C. § 1983, (ECF No. 1), and Defendant's Motion to Dismiss based upon Plaintiff's failure to timely and properly effect service of process, (ECF No. 12). This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that Defendant's Motion be **DENIED**, as moot; that the complaint be **DISMISSED**, **without prejudice**, pursuant to Federal Rule of Civil Procedure 41(b) and L. R. Civ. P. 41.1., for Plaintiff's failure to prosecute; and that this action removed from the docket of the court.

**I. Relevant History**

On March 1, 2016, Plaintiff Simone Tyrone Jordan-El ("Plaintiff") filed a

complaint under 42 U.S.C. § 1983, alleging that on February 28, 2014 he was assaulted and robbed while he was an inmate at the Western Regional Jail in Barboursville, West Virginia. (ECF No. 1). According to the complaint, Plaintiff was attacked after the defendant correctional officer, C.O. White, unlocked Plaintiff's cell and allowed four other inmates to enter. The inmates stole Plaintiff's personal property and injured him before exiting the cell.

Plaintiff filed the complaint in the United States District Court for the Eastern District of Michigan. On May 10, 2016, the presiding district judge entered an order transferring the case to this court, finding that jurisdiction and venue were not proper in Michigan; rather, the action should have been brought in this judicial district. (ECF No. 4). By the time the action was transferred to this court, Plaintiff was no longer incarcerated and had returned to his residence in Westland, Michigan. Plaintiff provided the court with his residence address for service of documents.

On May 13, 2016, the undersigned ordered Plaintiff to file an amended Application to Proceed Without Prepayment of Fees and Costs, or pay the $400 filing fee. (ECF No. 7). On June 9, 2016, Plaintiff filed an amended *in forma pauperis* application, and two weeks later, the application was granted. (ECF Nos. 8, 9). The U.S. Marshals Service was ordered to serve the summons and complaint on Defendant White. On July 15, 2016, the U.S. Marshals Service returned the summons as executed. (ECF No. 11). However, as indicated in the return, rather than serving C.O. White, the Marshals Service delivered the summons and complaint to Suzanne Summers, an employee in the legal department of the West Virginia Regional Jail and Correctional Facility Authority. (*Id.*).

On July 26, 2016, the defendant filed a motion to dismiss, arguing that service

was not properly and timely effected. (ECF No. 12). A memorandum in support of the motion was also filed. (ECF No. 13). The defendant argued that the summons and complaint were not served within the 90-day period permitted by the Federal Rules, and when they were served, the documents were given to an individual who was not authorized to receive service on his behalf. The defendant noted that process was made at the West Virginia Regional Jail and Correctional Facility Authority in Charleston, even though the defendant did not work at that location, and it was given to an employee of the Authority, rather than to the defendant. (*Id.*). In order to resolve the preliminary issues and begin case development, the undersigned issued an Order on July 28, 2016 setting this case for an initial status conference on August 29, 2016. (ECF No. 14). The Order was sent to Plaintiff at his residence address in Westland, Michigan and, according to the docket sheet, was not returned as undeliverable.

On August 29, 2016, the undersigned held an initial status conference. The defendant appeared by counsel, William E. Murray. However, Plaintiff did not appear in person, or by counsel. Counsel for defendant confirmed that the motion to dismiss and supporting memorandum were sent to Plaintiff at his address on record and were not returned. However, Plaintiff had not responded to the motion. Moreover, despite having one month's notice of the status conference, Plaintiff failed to appear at the conference. He likewise made no effort to contact the court to explain his failure to appear. Since filing the amended application to proceed *in forma pauperis*, Plaintiff has had no contact with the court, or the Clerk of Court.

On August 30, 2016, the undersigned issued a show cause order notifying Plaintiff that a recommendation to dismiss his complaint would be made in thirty days unless he could show why the action should remain on the court's docket. (ECF No.

3

16). According to the docket sheet, the Order was sent to Plaintiff at his residence address and was not returned as undeliverable. Nonetheless, Plaintiff never filed a response to the Show Cause Order, or made any effort to contact the court, or Clerk. On September 6, 2016, counsel for the defendant sent a letter to the Clerk of Court agreeing to accept service of the complaint on behalf of the defendant, should the case proceed. (ECF No. 17).

## II. Discussion

### *Failure to Prosecute*

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R. Co.*, 370 U.S. 626, 629, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962). As the United States Supreme Court explained in *Link,* such a sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts" *Id.* at 629-30. Federal Rule of Civil Procedure 41(b) codifies the district court's inherent power, providing that a complaint may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Similarly, under this district's Local Rule of Civil Procedure 41.1, when it appears that a plaintiff has no interest in further prosecution of a complaint:[1]

> [T]he judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown. In the

---

[1] Fed.R.Civ.P. 41(b) states, in relevant part, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." L.R.Civ.P. 41.1, implemented by the United States District Court for the Southern District of West Virginia, states "When it appears in any pending civil action that the principal issues have been adjudicated or have become moot, or that the parties have shown no interest in further prosecution, the judicial officer may give notice to all counsel and unrepresented parties that the action will be dismissed 30 days after the date of the notice unless good cause for its retention on the docket is shown."

4

absence of good cause shown within that period of time, the judicial officer may dismiss the action.

The appropriateness of a dismissal that is not voluntarily sought by a plaintiff "depends on the particular circumstances of the case." *Ballard v. Carlson,* 882 F.2d. 93, 95 (4th Cir. 1989). When assessing whether to impose the sanction of dismissal, the court should consider four factors, including: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay in prosecution; (3) the presence or absence of a history of plaintiff deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an expressed warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman,* Case no. 95-6380, 1997 WL 407801, at *1 (4th Cir. 1997) (unpublished). While a *pro se* litigant is generally held to a less stringent standard than an attorney, *see Hughes v. Rowe,* 449 U.S. 5, 10 n. 7, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam), the litigant still must fulfill certain fundamental obligations, including "respect for court orders without which effective judicial administration would be impossible." *Ballard,* 882 F.2d at 96.

Having considered each of the factors in turn, the undersigned concludes that dismissal without prejudice is warranted. A review of the docket demonstrates that Plaintiff received the Order issued by the undersigned notifying him of the status conference. The Order was entered on July 28, 2016 and scheduled the status conference a full month later in order to give Plaintiff plenty of opportunity to arrange travel to Huntington, or to make arrangements to attend the conference by video or

5

telephone. Despite having more than thirty days' notice of the hearing, Plaintiff failed to appear. He also failed to contact the court before the hearing to make alternate arrangements, and made no effort after the hearing to explain his absence. In addition, Plaintiff has not inquired regarding the status of his case since filing the amended application to proceed *in forma pauperis*, nor has he responded to the defendant's motion to dismiss or the court's Show Cause Order.

Although dismissal is not a sanction that should be taken lightly, this matter has been pending on the court's docket for approximately four months without any action by or communication from Plaintiff. He has ignored two orders of the court and has taken no steps to pursue his claims. Indeed, other than filing the paperwork necessary to initiate the case, Plaintiff has done nothing to further prosecution of the matter. Thus, Plaintiff is entirely responsible for the limbo state in which the case currently sits. As a general rule, a delay in prosecution causes some measure of prejudice to the defendant given that witnesses become unavailable and memories become stale with the passage of time. Undoubtedly, this is more likely so in the circumstance of a regional jail where the inmate witnesses are transient and often difficult to locate months and years later. Plaintiff's lack of participation to date reflect his apparent disinterest in proceeding with this civil action. Therefore, the undersigned **FINDS** that a sanction less severe than dismissal plainly will not be effective in this case. *See Ballard,* 882 F.2d at 95-96.

Nevertheless, the undersigned notes that the alleged misconduct of the correctional officer at the Western Regional Jail that forms the basis of Plaintiff's complaint occurred in 2014. Although Plaintiff appears to show no interest in proceeding with his claims at this time, there *may* be a reason to explain Plaintiff's

6

absence that would allow him the opportunity to resurrect the instant action at a later date. *See Dean v. Pilgrim's Pride Corp.,* 395 F.3d 471, 475 (4th Cir. 2005).Taking this factor into account, and bearing in mind the importance of resolving claims on their merits, the undersigned **FINDS** that while dismissal is appropriate, it is best entered without prejudice.

### *Motion to Dismiss*

As a separate ground for dismissal, the defendant asserts that he was not timely or properly served with the summons and complaint. Federal Rule of Civil Procedure 4(e) sets forth the appropriate methods for serving an individual within a judicial district of the United States. The rule provides four ways to sufficiently accomplish service: (1) "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"; (2) "delivering a copy of the summons and of the complaint to the individual personally"; (3) "leaving a copy of each [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). According to Federal Rule 4(c), when a plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. 1915 (as in the instant action), the court must order the United States Marshal or Deputy Marshal to serve the summons and complaint. If service is not made on a defendant in one of the four ways described above within 90 days of the complaint being filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be

7

made within a specific time." Fed. R. Civ. P. 4(m).[2] As referenced in Rule 4(m), a defendant may bring a motion pursuant to Federal Rule of Civil Procedure 12(b)(5) requesting that he be dismissed from the action for insufficient service of process. "When sufficiency of service is raised as a defense under Rule of Civil Procedure 12(b)(5), the plaintiff has the burden of establishing that service of process has been effectuated in conformity with Rule 4." *Rowe v. Clark*, No. 3:04-0681, 2011 WL 4345685, at *7 (S.D.W.Va. Aug. 19, 2011), *report and recommendation adopted by* 2011 WL 4345678 (S.D.W.Va. Sept. 15, 2011).

In this case, the U.S. Marshals Service delivered the summons and complaint to the West Virginia Regional Jail and Correctional Facility, providing it to an employee in the legal department who was not authorized to accept service on behalf of the defendant. This type of service does not meet the requirements of methods two through four described above. Consequently, the undersigned turns to the method of service contained in Rule 4(e)(1). This court is located in West Virginia; accordingly, the undersigned looks to Rule 4(d)(1) of the West Virginia Rules of Civil Procedure, which states that an individual may be served by:

> (A) Delivering a copy of the summons and complaint to the individual personally; or
>
> (B) Delivering a copy of the summons and complaint at the individual's dwelling place or usual place of abode to a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purport of the summons and complaint; or
>
> (C) Delivering a copy of the summons and complaint to an agent or attorney-in-fact authorized by appointment or statute to receive or accept service of the summons and complaint in the individual's behalf; or

---

[2] Rule 4(m) goes on to state that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

8

(D) The clerk sending a copy of the summons and complaint to the individual to be served by certified mail, return receipt requested, and delivery restricted to the addressee; or

(E) The clerk sending a copy of the summons and complaint by first class mail, postage prepaid, to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 14 and a return envelope, postage prepaid, addressed to the clerk.

Given that the summons and complaint were not sent by mail, nor delivered at the defendant's home or to him personally, and was not given to his designated agent, service in this case was not accomplished in a manner that comports with West Virginia law. Nothing in Federal Rule of Civil Procedure 4 or West Virginia Rule of Civil Procedure 4 permits service to be accomplished by delivering the summons and complaint to a random employee at the home office of a defendant's employer. Accordingly, the undersigned **FINDS** that the defendant was not served in accordance with Federal Rule of Civil Procedure 4. Thus, Plaintiff is required to effect service of process in one of the ways allowed by the Rule.

Defendant further argues that Plaintiff failed to effect service within the allowable 90-day time frame under Fed. R. Civ. P. 4(m). Rule 4(m) provides that an action must be dismissed without prejudice if a defendant is not properly served within 90 days after the complaint is filed. However, a court is authorized under this rule to allow a plaintiff more than 90 days to effect service if there is good cause for the failure.

Here, the complaint was filed on March 1, 2016, but was transferred to this jurisdiction in May, and the application to proceed *in forma pauperis* was not granted until June 2016. Shortly thereafter, the U.S. Marshals Service was tasked with serving the summons and complaint on the defendant. The Marshals Service delivered the summons and complaint to the defendant's employer within three weeks of receiving

9

the documents, but, nonetheless, did not comply with the federal rules in effecting service. Consequently, the early delay was due to procedural issues, and the subsequent error in effecting service was made by the U.S. Marshals Service. Thus, the undersigned **FINDS** that the delay in effecting service should not be attributed to Plaintiff, and good cause exists for extending the time limit for service.

Notwithstanding that finding, the undersigned acknowledges that the defendant has agreed to accept service of process through his attorney, providing an independent reason for denying the defendant's motion. Finally, the undersigned's recommendation that the complaint be dismissed for failure to prosecute renders the defendant's motion moot. Therefore, the defendant's Motion to Dismiss should be **DENIED**.

### III.  Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Defendant's Motion to Dismiss, (ECF No. 12), be **DENIED**; that the complaint be **DISMISSED**, **without prejudice**, for Plaintiff's failure to prosecute; and that this matter be removed from the docket of the Court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, The parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

"Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn,* 474 U.S. 140 (1985); *Wright v. Collins,* 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce,* 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff and provide a copy to counsel of record.

**DATED**: October 7, 2016

_____
Cheryl A. Eifert
United States Magistrate Judge